UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

SHANTINIQUE TEAMER,  CASE NO.

    Plaintiff,  COMPLAINT

vs.  29 USC §1132(a)(1)(B);
    29 USC §1132(a)(3)

UNITED OF OMAHA LIFE
INSURANCE COMPANY,
FDI Group,

    Defendants.
_____/

PLAINTIFF, SHANTINIQUE TEAMER, ALLEGES AS FOLLOWS:

**INTRODUCTION.**

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 USC §§1001 et seq., and more particularly 29 USC §1132(a)(1)(B) and 29 USC §1132(a)(3) thereof.  Plaintiff seeks to enforce the terms of a group life insurance policy as a beneficiary.

**JURISDICTION AND VENUE.**

2. This court has jurisdiction under 29 USC §1132(f), which grants to the federal courts concurrent jurisdiction to determine claims under 29 USC §§1001 et seq.

3. Venue is proper under 29 USC §1132(g) in that the defendants do business within the jurisdictional

1

COMPLAINT

limits of the United States District Court Eastern District of Michigan.

4. Plaintiff is a resident of Dearborn Heights, Wayne County, Michigan.

5. Kevin Cooper, the insured to the subject life insurance policy and now deceased ("Insured"), was a resident of Detroit, Wayne County, Michigan.

6. Defendant, FDI Group ("Defendant Employer"), in its capacity as the policy sponsor and plan adimistrator is a "party in interest" as defined under 29 U.S.C. § 1002(14)(a). Defendant FDI Group is a corporation duly organized and existing under the laws of the State of Michigan, and is authorized to conduct business in the State of Michigan with its prinicpal place of business in Novi, Michigan.

7. Plaintiff is informed and believes that defendant, United of Omaha Life Insurance Company ("UOO"), was and is a Nebraska corporation, with its principal place of business in Omaha, Nebraska.

**ALLEGATIONS CONCERNING RELIEF SOUGHT.**

8. The deceased Insured was a long time employee of Defendant Employer and was a Participant within the meaning of 29 U.S.C. §1002(7), in the group life insurance policy ("the Plan") that defendant UOO issued to FDI as Group

2

COMPLAINT

Policy No. GLUG-AR I8.

9. The Insured was covered under the Plan in the amount of $76,000. Additionally, the Insured was covered under defendant UOO's long term disability insurance plan and had an accepted claim at the time of his death. In accord with that Plan, Insured was entitled to receive a life insurance waiver of premium benefit. Accordingly, Insured's life insurance premiums were fully waived and Insured's life insurance from UOO in force at the time of his death.

10. Plaintiff is the valid, undisputed beneficiary of the Plan.

11. Plaintiff holds the plan administrator accountable for, inter alia, negligence, unlawful claims handling, failure to pay ERISA plan benefits, and failure to provide Plan documents.

**COUNT I.**

**ENFORCEMENT UNDER ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) FOR FAILURE TO PAY ERISA PLAN BENEFITS.**

12. Plaintiff repeats, realleges and incorporates by reference the allegations contained in all prior paragraphs as though fully set forth herein.

13. Insured at all times herein mentioned performed all the terms and conditions, and paid all premiums, or had

3

COMPLAINT

premium payments waived, of the defendant's life insurance plan of which he had been made aware on his part to be performed.  After the Insured died, defendants contended Insured was not covered under the Plan, even though at the time of Insured's death, the subject policy was in full force and effect, and Insured had an accepted long term disability claim with UOO.  Insured had no knowledge he was considered not benefit eligible prior to his death due to lack of premium payments.  If plaintiff was not in fact benefit eligible, by defendants' acts and ommissions defendants have waived the requirement of benefit eligibility.

14.  Accordingly, Plaintiff seeks appropriate relief under 29 USC §1132(a)(1)(B), and ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)), which includes equitable estoppel and waiver.

**COUNT II.**

**Claim for Equitable Relief Pursuant to ERISA § 502(a)(3) Against Defendants UOO and FDI Group.**

15.  Plaintiff repeats, realleges and incorporates by reference the allegations contained in all prior paragraphs as though fully set forth herein.

16. ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a civil action to "enjoin act or practice which violates any provision of this subchapter or the terms of the plan" or to "obtain other appropriate equitable relief" to redress violations of ERISA, the Plan, or to enforce any provisions of the Plan ERISA subchapter 1.

17. At all material times herein, Defendants UOO and FDI Group were fiduciaries with respect to the Plan.

18. Under ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1), Defendants UOO and FDI Group were obliged to discharge their duties for the "exclusive purpose" of providing benefits to participants and their beneficiaries, and with the "care skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

19. Insured was justified in relying on the material non-disclosures and actions of Defendants. Insured's reposed trust and confidence in the knowledge, integrity and fidelity of Defendants, and each of them, and Insured relied on the good faith and integrity of Defendants, and each of them. As a result of Insured's confidence, trust and faith in the knowledge and integrity of the Defendants, Insured was justified in relying on the nondisclosures and actions of the Defendants described above, and thereby the

Plaintiff was prevented until after the Insured's death from submitting evidence of Insured's eligibility for life insurance coverage under the Plan.

20. In the event the Court dismisses Plaintiff's First Claim for Relief or rules in favor of Defendants on that cause of action, Plaintiff asserts in the alternative that because of Defendants' fiduciary breaches, the Insured was prevented from complying, if premiums were not waived due to the granting of long term disability benefits, with the payment of premiums provisions terms of the Plan and Policy.

21. To redress Defendants' violations of their fiduciary duties, Plaintiff requests the that the Court confer one or more of the following forms of equitable relief: 1) an equitable surcharge against Defendants UOO and/or FDI Group (in an amount equal to Plaintiff's benefits due under the life insurance Plan should the Court rule against Plaintiff on Plaintiff's First Claim for Relief); 2) equitable reformation (by rewriting and/or modifying the terms of the Plan that govern the payment of life insurance premiums; and/or 3) equitable estoppel by estopping defendants from relying on any affirmative defense based on the failure to pay premiums provisions.

22. Defendants should be estopped from denying plaintiff's life insurance benefits based on a failure to

6

be in an eligible class because (1) the defendants as fiduciaries of the benefit plan breached their fiduciary duties by failing to communicate to Insured the proper eligibility requirement for life insurance, and (2) Insured relied on defendants' acts and ommissions to assume he had disability insurance and to his detriment never had the opportunity to continue life insurance through his employer. Plaintiff contends he is entitled to "appropriate equitable relief" in the form of equitable estoppel, under ERISA § 502(a)(3) to remedy defendants' breach of fiduciary duty as set forth below.

23. Equitable estoppel and waiver are available in the ERISA context since (1) defendants knew, or should have known, that Insured was covered by his group life insurance plan when he was approved for group long term disability benefits and that Insured expressly stated his need to keep his life insurance coverage; (2) defendants knew, or should have known, that Insured would rely on defendants' advice on how to keep life insurance benefits and assume he had life insurance benefits if there was no change in his disability status; (3) Insured was ignorant of any alleged requirement to pay for life insurance benefits and that he was not benefit eligible without such payment; (4) Insured relied on defendants' decision to continue life insurance

7

benefits in 2017 as an approval of his eligibility after his employment ended due to his disability; (5) and the extraordinary circumstance that the granting of life insurance benefits for over six months without any election of benefits, or with regard to the Insured's employment status, would cause a reasonable person to believe they met the eligibility requiremnts for life insurance benefits.

24. The Insured at all times herein mentioned performed all the terms and conditions known to him in the defendant's life and disability insurance plans to be performed.

25. Accordingly, ERISA Section 502(a)(3) allows a plan participant to sue to enjoin any act or practice that violates any provision of Title I of ERISA or the terms of the plan, or to obtain other appropriate equitable relief to redress such violations or enforce any provisions of Title I of ERISA or the terms of the plan. The Court possesses the power to provide equitable relief in the form of estoppel, and/or waiver to correct the loss, which resulted from a plan fiduciary's breach of duties.

26. Defendants were and are ERISA fiduciaries and exercised fiduciary authority with reference to Insured's life and disability insurance claims and appeals because defendants exercised discretionary authority over those

decisions to grant life and disability insurance benefits and then to deny life insurance benefits. Defendants' duties, as claims and appeals administrator, involved more than simply complying with the specific duties imposed by the plan documents or the statutory regime. Defendants also had duties as fiduciaries to perform such activities that are the ordinary and natural means of achieving the objectives of the plan. An objective of the plan is and was to provide participants and with life insurance benefits pursuant to the terms of the plan.

27. Thus, defendants, as ERISA fiduciaries, had affirmative duties, above and beyond the terms of the plan as follows: To act in the best interests of participants and their beneficiaries; of loyalty to the interests of participants and beneficiaries, and thus to deal fairly and honestly with participants and beneficiaries. This includes the duty to disclose material information, to inform participants and beneficiaries of new and relevant information as it arises, and to advise participants and beneficiaries of circumstances that threaten interests relevant to the relationship. An ERISA fiduciary must not only refrain from imparting misinformation, it is also required to do more: it has an affirmative obligation to provide complete and correct

material information on the participant's and/or the beneficiary's status and options; of care or prudence to act as a prudent person would on behalf of the participants and not misrepresent the terms or administration of a plan, or if they fail to provide complete information, even absent a request, a fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstances, even when the beneficiary has not specifically asked for the information.  The scope of the duty to disclose is governed by ERISA § 404(a) and is defined by what a reasonable fiduciary, exercising care, skill, prudence and diligence, would believe to be in the best interests of the beneficiary to disclose.  ERISA fiduciaries have a duty of disclosure when there are material facts affecting the interest of the beneficiary which the fiduciary knows the beneficiary does not know, but needs to know for his protection; and provide beneficiary with information and/or documents even without a written request for the information or documents by the beneficiary, because, as a fiduciary, it has a duty to deal fairly and communicate all material facts it knows or should know in connection with the matter; and to act in the beneficiary's best interests and for the exclusive purpose of providing benefits to participants and

their beneficiaries.

28. As alleged herein, defendants breached their duties to act as prudent fiduciaries, requiring the exercise of reasonable care, skill and prudence, when defendants failed to disclose any requirement for Insured to pay premiums to continue life insurance benefits, and failed to properly inform Insured of the process to continue life insurance waiver of premiums under the plans for which Insured was eligible and qualified. Defendants' conduct violated 29 U.S.C. § 1104(a), which requires that plan fiduciaries discharge their duties with respect to ERISA plans solely in the interests of the plan's participants and beneficiaries. Therefore, in the event defendants' breach of their fiduciary duties caused plaintiff to be deprived of life insurance benefits which she would have received had the Insured known of the proper requirements under the terms of the plans had defendants complied with their fiduciary duties of full communication, then equity and good conscience require that: (1) defendants be estopped to deny life insurance benefits to plaintiff, and/or (2) that plaintiff be awarded other appropriate equitable relief in order to make her whole and remedy defendants' breach of fiduciary duties to plaintiff

of exercising reasonable care, skill, prudence, and diligence under the circumstances and acting in the best interests of beneficiaries.

29. As a proximate result of defendants' failure and refusal to perform their obligations under the long term disability plan, plaintiff has been compelled to retain counsel to protect her rights under the plan, incurring legal fees and costs that are recoverable pursuant to 29 USC §1145.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For equitable estoppel against defendants, not allowing denial of life insurance benefits based on the Insured failing to pay premiums, thereby allowing plaintiff life insurance benefits as a beneficiary, with prejudgment interest on all unpaid benefits to date;

2. For equitable remedies including but not limited to equitable surcharge and/or equitable reformation, for Defendants' breaches of fiduciary duty;

3. For compensatory damages;

4. For costs of suit herein;

5. For prejudgment interest;

6. For reasonable attorney fees paid by plaintiff pursuant to 29 USC §1145;

12

7. For such other and further relief as the court may deem proper.

DATED: November 29, 2019   Law Offices Of P. Randall Noah

By: /s/ P. Randall Noah

P. Randall Noah
Attorney for Plaintiff,
Shantinique Teamer

Law Offices Of P. Randall Noah
P. Randall Noah, P 39381
21 Orinda Way, Suite C, #316
Orinda, CA 94563
Tel. (925) 253-5540
Fac. (925) 253-5542
Email: pnoah@ix.netcom.com

COMPLAINT